IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CASE NO.: 7:14-cr-48 (WLS-TQL-1) |
| ANDREW DAVID CARTER, JR, | : |
| Defendant. | : |

## ORDER

Before the Court is Defendant Andrew David Carter, Jr.'s ("Defendant") "Motion to Amend Defendants Compassionate Release Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A)" ("the Motion") (Doc. 666).

On February 4, 2020, Defendant was sentenced to a term of imprisonment of 360 months. He filed a Motion for Compassionate Release (Doc. 64), on August 7, 2021, which he amended (Doc. 657) on August 26, 2021. Judge Hugh Lawson denied Defendant's Motion in an Order (Doc. 659) issued on August 31, 2021. Judge Lawson, having considered Defendant's motion and stated reasons, found that Defendant had "not presented 'extraordinary or compelling' reasons that warrant the Court reducing his sentence." (Doc. 659 at 3).[1] Now, Defendant has filed the instant motions, adding even more information in support of his initial motion, which has already been denied. The Court, therefore, construes Defendant's Motion to Amend as a motion for reconsideration.

Under the Local Rules of this Court, motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6. Motions for reconsideration, whether considering final or non-final judgments, are within "the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). It is the practice of this Court, in both civil and criminal cases, to grant a motion for reconsideration only when the movant timely demonstrates that: (1) there has been an

---

[1] The above-captioned case was transferred from the late Judge Hugh Lawson to the undersigned on April 19, 2024.

1

intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). "A motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).

Here, Defendant has neither identified an intervening change in the law nor has he proffered new and previously unavailable evidence. And, having reviewed Judge Lawson's Order, Defendant's original motion, and the record in the case, the Court finds no clear error of law. Accordingly, the Motion for reconsideration is **DENIED**. Defendant is noticed that further filings regarding the same previously filed and denied Motion for Compassionate release may be considered frivolous and subject to sanctions by the Court.

Additionally, Defendant filed a Motion for Status Update (Doc. 667), which is **DENIED-AS-MOOT**.

**SO ORDERED**, this 22 day of May 2024

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2